JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Punzo, Francis

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Abara Law Firm, PLLC., Obinna I. Abara, Esquire
1950 Butler Pike, #255, Conshohocken, PA, 19428;
(215) 360-3260; oabara@abaralaw.com

## DEFENDANTS

Sugarhouse Casino

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
[illegible]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)

Brief description of cause:
Discriminatory and retaliatory denial of employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 11/9/2020

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3942 Gateway Drive, Apt B4, Philadelphia, PA 19145

Address of Defendant: 1001 N. Delaware Avenue, Philadelphia, PA 19125

Place of Accident, Incident or Transaction: ______

***RELATED CASE, IF ANY:***

Case Number: N/A Judge: N/A Date Terminated: N/A

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/09/2020 [signature] *Must sign here* 204964

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Obinna I. Abara, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/09/2020 [signature] *Sign here if applicable* 204964

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS PUNZO<br>3942 Gateway Drive, Apt B4<br>Philadelphia, PA 19145<br><br>Plaintiff,<br><br>v.<br>SUGARHOUSE CASINO<br>1001 N. Delaware Avenue,<br>Philadelphia, PA 19125<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br>CIVIL ACTION<br>No.:<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

CIVIL ACTION COMPLAINT

1. This action has been initiated by Mr. Francis Punzo (hereinafter referred to as "Plaintiff," or “Punzo” unless indicated otherwise) for violations of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), and (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*, (“ADEA”) when Plaintiff was subjected to disparate treatment and harassment based upon his age and national origin (Italian/ 57 years of age) regarding Defendant’s training regimen and auditioning procedures resulting in Defendant’s refusal to hire Plaintiff. Plaintiff was also subjected to retaliation when he complained of discrimination and, as a result thereof, was subsequently barred from employment with Defendant.

## JURISDICTION AND VENUE:

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1391 and the claim is substantively based on Title VII. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in Philadelphia, Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

3. Jurisdiction is founded on 28 U.S.C. §1331, and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in Pennsylvania, has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in International Shoe Company v. Washington, 326 U.S. 309 (1945), and its progeny.

5. All conditions precedent to the institution of this suit have been fulfilled. See *Notice of Right to Sue and Charge attached as Exhibit A.*

## PARTIES

6. Plaintiff, Mr. Francis Punzo, at the time of the cause of action was 57-year-old, Italian American male individual and a citizen of the Commonwealth of Pennsylvania therein at 3942 Gateway Drive, Apt B4, Philadelphia, PA 19145.

7. Defendant, Sugarhouse Casino (hereinafter "Casino"), is a corporation

engaged in an industry of gambling via table games, sports betting, slot machines, etc., a casino located with offices at 1001 N. Delaware Avenue, Philadelphia, PA 19125.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. At all times herein Defendant employed more than 15 employees and was an employer under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are fully incorporated herein as though set forth at length.

11. In or about late summer 2019, Plaintiff applied, and was accepted to SugarHouse's Table Games Dealer School ("School"), a six (6) week training program created to teach individuals the skills necessary to become a SugarHouse Table Games Dealer.

12. As part of the Table Games Dealer School, SugarHouse Table Games Instructors were to provide admitted students with the instruction and training required to properly deal various table games offered by SugarHouse at its casino, including blackjack and poker, with the intent to offer employment as a Table Games Dealer following the successful completion of the program.

13. Plaintiff began Defendant's Dealer School on September 3, 2019.

14. During Plaintiff's training in Defendant's School, Plaintiff was subjected to discrimination and harassment when:

a) Mr. Howard Holder, Defendant's Floor Supervisor and Human Resources, Director of Dealers, notified the entire class that Plaintiff won a scratch-off lottery ticket in the amount of $100,000;

b) Sherri McQueen, Defendant's Instructor, advised Mr. Holder that she was going on a cruise with Plaintiff;

c) Ms. McQueen stated to Plaintiff "look how you're looking at me like your gonna kill someone like a mobster";

d) Mr. Holder, in the presence of the rest of the class, asked Plaintiff "why do you need this job?"- all comments which occurred on the first day of class.

15. During the weeks that followed, remarks which were directed to- or concerning Plaintiff and made by Defendant's staff or Plaintiff's classmates, made in the presence of Defendant's staff, ranged from:

a) Mr. Holder stating "You better watch Frank will pull out his blade and gut you."

b) Mr. Holder repeatedly called Plaintiff "old head" because Plaintiff was oldest of the 9 students. There was no one in Plaintiff's class over the age of 40 except Plaintiff.

c) Ms. McQueen asking Plaintiff if Plaintiff was paying 30% vig on his money." "Vig" is a street term used to describe interest. It's derogatory because "vig" is

typically associated with loan sharks.

16. Plaintiff was knowledgeable of table games.

17. Ms. McQueen looked up to Plaintiff to answer questions but also told Plaintiff to be quiet to give others a chance to answer because, as she said, "you know the game cause you play."

18. Following the first week, Ms. McQueen gave a Blackjack Basic Strategy Test to Plaintiff's entire class and Plaintiff received the second highest score (185 out of 216) and 6 people in class failed test.

19. In week two, Plaintiff class was given an oral team test where chips were stacked and Plaintiff's class had to total how much they were worth. Once again, half the class did not get anything correct where Plaintiff was the one answering everything correctly on his team.

20. When Defendant administered the auditions, to determine the proficiency of Plaintiff, its administration of the auditions was not uniform and varied greatly in complexity and scrutiny.

21. During the first audition, seven of nine students were auditioned by Mr. Holder and the Floor Supervisor Marissa[1] two auditoners. As each person's audition was completed, Ms. McQueen went into the auditioning room and the panel of evaluators would tell her the student's mistakes and assess a pass or fail for each student. Ms. McQueen would relay this information to the students. As Plaintiff was awaiting his

[1] Last name is unkown.

audition, each student would advise Plaintiff that they either counted wrong, couldn't shuffle and/or paid out wrong sums yet six students passed and two students failed.

22. Plaintiff was the last to audition and was evaluated by one auditioner. Plaintiff auditioned and was advised by Ms. McQueen that the evaluator did not mention any mistakes by Plaintiff and stated to Plaintiff "you need practice and I you failed." Ms. McQueen advised Plaintiff that she was confused and did not know what "needing practice" meant.

23. On the next day, Ms. McQueen stopped Plaintiff in the hallway and advised Plaintiff that it bothered her and she tried to reach out to the auditioner about more specifics on Plaintiff's evaluation and why Plaintiff was assessed an evaluation of "fail."

24. Plaintiff spoke to Mr. Holder and asked Mr. Holder why Mr. Holder was not in Plaintiff's audition and Mr. Holder responded that he did not want to make Plaintiff nervous.

25. On the second audition, Plaintiff was the first to audition. Plaintiff's auditoners were Bruce[2], Mr. Howard, and another individual from the first audition. Plaintiff dealt nine hands-every scenario. After Plaintiff left the auditioning room Ms. McQueen went into the room and they called Plaintiff in with Ms. McQueen. Plaintiff was then advised that his shuffle was good, his card placement was good but with the mistakes he made, they felt that Plaintiff could not move on. Plaintiff advised Bruce that the errors weren't procedural errors and could be corrected.

[2] Last name unknown

26. Mr. Bruce advised Plaintiff that Mr. Howard was not in that day but that they would wait until when Mr. Holder came in the next day to decide what to do regarding Plaintiff's audition and/or status in the program.

27. Plaintiff waited in the cafeteria and the next person went in to audition. Plaintiff observed Mr. Bruce leave after his audition so only one auditioner was in the room. The woman auditioning came out in 3 minutes because she only had to deal three hands and passes. The next person that went in did not have to shuffle and only dealt two hands and passes with only one auditioner evaluating that person.

28. Plaintiff complained to Ms. McQueen of discrimination and that it was a real problem because everyone was not on the same playing field. All students should have had to shuffle, deal the same number of hands and been subject to the same scrutiny by the same auditioners and same number of auditioners.

29. The next day, while Plaintiff was at School, Mr. Holder summoned Plaintiff and stated to Plaintiff "I heard you have issues with the way we do auditions." Mr. Holder offered Plaintiff to audition before Bob Little, Head of Table Games, and Plaintiff agreed.

30. Later, Plaintiff was called into a room to audition where Mr. Little was standing next to Plaintiff and Mr. Holder, Ms. McQueen, and Bruce were sitting at the table as players. Mr. Little introduced himself to Plaintiff and advised Plaintiff that he was going to observe and make his recommendations. In the midst of this, Mr. Little received a call, he answered the call and advise the person on the call that he "was taking care of an HR issue."

31. Plaintiff did not view his audition as an HR issue.

32. At the conclusion of Plaintiff's audition, Mr. Little gave Plaintiff some feedback and left the decision in the hands of Mr. Holder, Ms. McQueen, and Bruce.

33. Several minutes after Mr. Little left, Mr. Holder escorted Plaintiff out of the building and advised Plaintiff that he was out of the program. Plaintiff again advised Mr. Holder that Defendant's system and decision was not fair because everyone was not on the same playing field where Mr. Holder responded "stop worrying about others and worry about yourself."

34. After being escorted out of the building and while in the parking lot, Plaintiff contacted James King, Defendant's HR Recruiter, and advised Mr. King that Defendant had dismissed Plaintiff from the program but that Plaintiff's license issued by the Pennsylvania Gaming Control Board was valid until 2025. Plaintiff asked Mr. King if he could look for any other positions within Defendant and that Plaintiff would appreciate it.

35. Mr. King advised Plaintiff that Mr. King would check in across the street- at School- to see if they were done with Plaintiff and then start looking for other opportunities within Defendant.

36. On the next morning, at 9 a.m., Mr. Holder called Plaintiff on the telephone, and stated "Frank, its Howard. I heard you reached out to HR to see about another position. I wanted you to know I notified them that you aren't worthy for any position at the company.

37. Mr. Holder and/or Defendant's other agents, as described above, actively prevented Plaintiff from attaining or being offered any employment by Defendant.

38. As a result of Defendant's unlawful conduct, Plaintiff was wrongfully denied employment. Defendant's stated reason for refusing to hire Plaintiff was a pretext for discrimination and intolerance for Plaintiff's age, nationality or Plaintiff having engaged in protected activity.

COUNT I

*Title VII- National Origin*

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. The actions of the Defendant, through its agents, servants and employees, were discriminatory in nature and motivated by reason of Plaintiff's nationality, ultimately resulting in Plaintiff being subjected to different terms/conditions to attain employment by Defendant which constitutes a violation of Title VII of the Civil Rights Act of 1964.

41. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

42. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has sustained severe emotional and psychological distress, a loss of earnings, plus the loss of future earning power, plus back pay and interest due thereon.

COUNT II

*Pennsylvania Human Relations Act- National Origin*

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Defendant's actions in subjecting the Plaintiff to discrimination based on nationality were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

45. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

46. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff, Francis Punzo, respectfully requests this Court to award her damages and relief as set forth in the Prayer for Relief included in this Complaint.

## COUNT III
*Age Discrimination and Employment Act (ADEA)*

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. As described above, Plaintiff was subjected to discrimination in the nature of Defendant subjecting Plaintiff to different standards, conditions, scrutiny and evaluation where younger applicants were subjected to more lenient standards and less

strict scrutiny and were hired instead of Plaintiff. Plaintiff was treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

49. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

50. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

51. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained

as a result of the Defendant's willful violation of the ADEA;

d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action;

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

## COUNT IV

*Pennsylvania Human Relations Act- Age Discrimination*

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

54. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

55. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

b. that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the PHRA;

c. that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action;

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

## COUNT V

*Retaliation- Title VII &ADEA& PHRA*

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Defendant's aforementioned actions constitute unlawful harassment and retaliation against Plaintiff in violation of Title VII.

58. Specifically, Defendant's continued subjection of Plaintiff to unequal standards, increased and unequal scrutiny, removal from School, denial of employment and bar from additional/alternative employment constituted unlawful retaliation.

59. As a direct and proximate result of the unlawful harassment and retaliation by Defendant on the basis of Plaintiff's protected speech, Plaintiff has been deprived of economic and non-economic benefits, including, but not limited to wages, loss of benefits (including health insurance coverage and other benefits of employment), physical and mental pain and suffering, humiliation, embarrassment among her friends and former co-workers, disruption of her personal life and loss of the enjoyment of the ordinary pleasures of life.

60. The aforementioned harassment and retaliatory acts by Defendant were egregious, willful, wanton, malicious, oppressive and taken with reckless indifference to Plaintiffs rights under federal law, namely Title VII, and justify the imposition of punitive damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions, as permitted by applicable law;

D. Plaintiff is to be awarded liquidated and/or punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (as

permitted under applicable claims/laws);

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal.

## JURY DEMAND

Plaintiff demands trial by jury.

**ABARA LAW FIRM, PLLC.**

By: ______________________

OBINNA I. ABARA, ESQUIRE
Attorney I.D. No.: 204964
1950 Butler Pike, # 255
Conshohocken, PA 19428
(215) 360-3260
***Attorney for Plaintiff***

Date: __November 9, 2020___________

# EXHIBIT “A”

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Francis Punzo**
**3942 Gateway Drive, Apartment B4**
**Philadelphia, PA 19145**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-01219** | **Legal Unit, Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

August 13, 2020
*(Date Mailed)*

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

cc: **SUGARHOUSE CASINO**
**Shaina E. Hicks, Esq. (For Respondent)**
**COZEN O'CONNOR**
**1650 Market Street, Suite 2800**
**Philadelphia, PA 19103**

**Obinna I. Abara, Esq. (For Charging Party)**
**ABARA LAW FIRM, PLLC**
**1950 Butler Pike, #255**
**Conshohocken, PA 19428**

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

11/6/2020
________________________________
Date

________________________________
Francis Punzo, Plaintiff